THOMAS. D. HURT AND OTHERS
vs.
JOHN STULL.
} September Term, 1851.

*[EFFECT OF INSOLVENT APPLICATION UPON PROCEEDINGS FOR A SALE IN THIS COURT—SALES BY TRUSTEES.]

A BILL was filed in this case by a vendor for the sale of a certain parcel of land to pay the vendor's lien, and a decree was passed accordingly, which upon appeal was affirmed by the court of appeals : after the decree, but before the sale had actually taken place the defendant, the vendee, applied for the benefit of the insolvent laws, and his trustee in insolvency was duly appointed, who applied to the court to stay execution of the decree upon the ground that by the proceedings in insolvency the right to make the sale is exclusively vested in the trustee of the insolvent. HELD—That the proceedings in insolvency did not put a stop to the proceedings of this court, and its trustee was still bound to execute the decree by a sale of the property.

In the execution of decrees for the sale of property, though this court employs a trustee, that officer is its agent, the court itself being the vendor acting through the instrumentality of its agent.

[The facts of this case are stated by the Chancellor in his opinion.]

THE CHANCELLOR :

This case is submitted upon the order of the 14th of August last, passed upon the petition of Albert T. Emory, trustee in insolvency of the defendant, Stull, and the proceedings and the written arguments of the solicitors of the parties have been read and considered.

It is an application by the petitioner to stay the execution of a decree of this court, passed for the sale of a parcel of real estate to pay the vendor's lien, after the affirmance of that decree by the Court of Appeals, and after the trustee, in conformity therewith, had advertised the property for sale. The ground taken in the petition is, that by the proceedings in insolvency the right to make sale of the property is exclusively in the trustee of the insolvent, and for this position, the case of *Alexander et al* vs. *Ghiselin et al*, 5 *Gill*, 178, 179, is relied upon.

It cannot be doubted that numerous cases have arisen since the passage of the act of 1805, ch. 110, the foundation of our insolvent system, and yet this, so far as I am informed, is the first instance in which an attempt has been made to arrest the proceedings of a trustee under a decree of this court upon the ground that the party against whom the decree passed had applied for the benefit of the insolvent laws. It must have happened in numberless instances that the mortgagor or vendee of real estate has become insolvent, and had a trustee appointed pending proceedings against him, or after a decree for the sale of the mortgaged property, or for the satisfaction of the vendor's lien, and yet it has never been supposed that such appointment put an end to the power of this court to proceed with the cause, or destroyed the authority of the trustee under the decree to carry it into execution.

In the case of *Glenn, trustee of Dorsey* vs. *Clapp*, 11 *G. & J.*, 1, the Court of Appeals say, "it is a clear proposition that a suit in equity abates by the death of any of the parties materially interested, and that the insolvency or bankruptcy of a plaintiff or defendant renders the suit so far defective, that the trustee or assignee must be brought before the court." The language just quoted was used in a cause in which the mortgagor had become insolvent, and a trustee in insolvency had been appointed after a decree had passed for a sale of the mortgaged premises, and although it does not distinctly appear whether the sale of the trustee under the decree preceded or followed the application of the mortgagor for the benefit of the insolvent laws, the presumption from the facts which do appear is very strong in favor of the latter supposition. The sale was made on the 13th of March, 1834, and the trustee of the insolvent (the mortgagor) appeared in court on the 28th of the same month, and filed exceptions to the sale, not, however, upon the ground that the trustee appointed to carry the decree into execution had no authority to do so, after the trustee in insolvency had been appointed, but upon other and different grounds. It does not appear from anything in the report of the cause, nor from the language and reasoning of the court, that the sale

made under the decree could be in any way affected by the circumstance that the mortgagor had petitioned for the benefit of the insolvent laws after the decree and before the sale, as was probably the fact. On the contrary, it may be fairly inferred that no such consequence could be supposed to result from such a cause, or some intimation to that effect would most likely have fallen from the court.

The case of *Alexander* vs. *Ghiselin*, is a subsequent case, and if, by any fair construction of the reasoning of the court, when applied to the point actually decided, it can be made to embrace the question now under consideration, it must, of course, control it. But, in my opinion, this case is most clearly distinguishable from that, and there appears to me to be reasons of great weight why the principle adopted by the Court of Appeals in that case should not govern this.

This court, in the case now before it, passed a decree for the sale of a parcel of land to pay the lien of the vendor upon a bill filed by him. It was a proceeding *in rem*, and by the decree the land was condemned to pay the claim of the party who sold it, and in whom the legal title still remains. Although the court in the execution of this decree and others of a like nature employs a trustee, that officer is its agent, the court itself being the vendor, acting through the instrumentality of its agent. *Iglehart* vs. *Armiger*, 1 *Bland*, 527. In *Glenn* vs. *Clapp*, before referred to, in speaking of these sales the court say, "they are transactions between the court and the purchaser." The question, then, is, whether, after this court has undertaken itself to make sale of property within its jurisdiction, having for the benefit of all concerned assumed the character of vendor, the subsequent insolvency of the defendant shall arrest it and transfer the duty to other hands, and the subject of the proceeding to another jurisdiction ?

Though near half a century has elapsed since the insolvent system was introduced, no case of the kind has occurred, or at least there is no trace of any such in the books, and it is confidently believed that none exists. The property in *Alexander* vs. *Ghiselin*, was to be sold by the sheriff and not by the court

The court in that case was not the vendor as it is in this, and I apprehend it would be attended with much inconvenience, if not mischief, to say that after this court has finally passed upon the rights of the parties, and has taken upon itself to sell the property for the benefit of him who is entitled, that the insolvency of the other party shall put a stop to its proceedings, and transfer the subject to other hands.

The petition, therefore, must be dismissed, and as according to the terms of the decree, the entire purchase money would have been due on the 1st of January last, if the proceedings of the trustee had not been arrested, I see no reason why the sale should not now be for cash. The decree does not direct that the different instalments shall become due in certain specified periods after the day of sale, but that six hundred dollars shall be paid on the day of sale, or on its ratification, six hundred on the 1st of January, 1850, and the balance on the 1st of January, 1851, so that the entire sum would have become due long since if the decree had been permitted to have its effect.

GEORGE VICKERS, for the Complainant.
EMORY, for Petitioner.